**WO**                                                                                          MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Virender Singh,

            Petitioner,

v.

William Barr, et al.,

           Respondents.

No. CV-20-00752-PHX-MTL (MTM)

**ORDER**

Petitioner Virender Singh (A# 215-677-204), who is detained in the Florence Service Processing Center in Florence, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2). The Court will issue a temporary stay of removal and call Respondents to answer the Petition.

**I.  Background**

Petitioner is a native and citizen of India. On October 13, 2019, he entered the United States without inspection at an unknown location and was encountered and taken into custody by the United States Department of Homeland Security ("DHS"). (Doc. 1-3.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Nationality Act ("INA") § 235(b)(1), 8 U.S.C. § 1225(b)(1). (Doc. 1-6.) Petitioner expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination. Petitioner was then

transferred and detained in the Imperial Regional Detention Facility in Imperial, California. (Docs. 1-3, 1-6.)

On December 10 and 12, 2019, Petitioner received credible fear interviews. (Docs. 1-3, 1-4.) An asylum officer found Petitioner's testimony was not credible and therefore determined that he had not established a credible or reasonable fear of persecution or torture if removed to India.[1] (Docs. 1-3 at 6-7; 1-5 at 2-4.) The determination was approved by a supervisory asylum officer (Doc. 1-3 at 7), and Petitioner was ordered removed from the United States (Doc. 1-6). Petitioner requested review of the credible fear determination by an Immigration Judge ("IJ") (*id.*), and on January 27, 2020, the IJ affirmed the asylum officer's credible fear determination.[2] Petitioner was subsequently transferred to the Florence Service Processing Center in Florence, Arizona, where he is currently detained.[3]

**II.    Petition**

In his Petition, Petitioner names United States Attorney General William Barr, Acting DHS Secretary Chad Wolf, Executive Office for Immigration Review Director James McHenry, and former United States Immigration and Customs Enforcement Phoenix Field Office Director Enrique Lucero as Respondents.[4]

---

[1] Petitioner was deemed ineligible for asylum pursuant 8 C.F.R. § 208.13(c)(4) on the basis that he did not apply for protection from persecution or torture in at least one country through which he transited en route to the United States, and therefore found to have "not established a significant possibility of establishing eligibility for asylum and [] received a negative credible fear of persecution determination." (Docs. 1-3 at 7; 1-5 at 5-6.) Consequently, Petitioner was screened only "for potential entitlement to withholding under INA [§] 241 or [Convention Against Torture] protection under a 'reasonable possibility of persecution' and 'reasonable possibility of torture' standard." (*Id.*)

[2] *See* Executive Office for Immigration Review Automated Case Information, https://portal.eoir.justice.gov/InfoSystem (*last accessed* Apr. 20, 2020).

[3] *See* United States Immigration and Customs Enforcement Online Detainee Locator System, https://locator.ice.gov (*last accessed* Apr. 20, 2020).

[4] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents Barr, Wolf, or Lucero or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the

Petitioner brings two grounds for relief. In Grounds One and Two, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the INA, the implementing regulations, and the Due Process Clause of the Fifth Amendment. Petitioner alleges DHS failed to employ the required non-adversarial procedures when conducting his credible fear interview and failed to apply the correct legal standard when evaluating his credible fear claim. Petitioner further alleges that the IJ applied the wrong legal standard and failed to consider binding case law. Petitioner asserts that the Court has habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).

Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal"; and (4) award him costs and attorneys' fees pursuant to the Equal Access to Justice Act. (Doc. 1 at 23.)

The Court asks that Respondents Barr, Wolf, and Lucero to answer the Petition.

**III.   Motion for Preliminary Injunction and/or Temporary Restraining Order**

Petitioner moves the Court to enjoin his continued detention or transfer, to order Respondents to provide him with an individualized asylum hearing, and to stay his removal from the United States while this action is pending. Petitioner states that he has been notified by DHS "that he is at immediate risk of removal" and "has already been relocated from California to an immigration processing center in Arizona in an effort to remove him, which signifies that Petitioner's removal is imminent." (Doc. 2 at 3.)

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer

---

Attorney General is a proper respondent in an immigration habeas corpus petition). However, the Court will dismiss Respondent McHenry because the rationale articulated in *Armentero* would not extend to him.

irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (discussing Ninth Circuit's alternative "serious questions" test). Where a movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

A temporary restraining order (TRO) under Rule 65(b), unlike a preliminary injunction under Rule 65(a), may be entered before an adverse party has had an opportunity to respond. A TRO may issue if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

To the extent Petitioner seeks a new hearing on his asylum claims, release from custody, or to remain detained in Arizona, he has not demonstrated that he will suffer irreparable injury before Respondents have had an opportunity to answer the Petition. He therefore fails to meet his burden to demonstrate that he is entitled to immediate or preliminary injunctive relief, and his Motion will be denied without prejudice with respect to those requests.

The potential interests of justice associated with the irrevocable nature of removal, however, suggest the necessity of issuing a temporary stay of removal. The Ninth Circuit Court of Appeals has mandated that "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and

that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

In *Thuraissigiam*, the Ninth Circuit Court of Appeals held 8 U.S.C. § 1252(e)(2)'s statutory restriction on habeas corpus review violated the Suspension Clause as applied to Thuraissigiam. On that basis, the district court's initial decision was reversed, and the Ninth Circuit remanded the matter with instructions to exercise jurisdiction and "consider Thuraissigiam's legal challenges to the procedures leading to his expedited removal order." 917 F.3d at 1119.

Similarly, here, Petitioner has raised legal challenges to the process leading to his expedited removal order and alleged circumstances which, if true, would present a substantial case on the merits. This is, of course, without prejudice to Respondents demonstrating the contrary. Because removal would deprive him of the relief he seeks – asylum in the United States – he has also shown that it is probable that he would suffer irreparable harm absent a stay.

Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until the parties have had an opportunity to brief the Petition and will facilitate a considered review of their arguments by the Court and a reasoned decision on the issues presented.

Accordingly, **IT IS ORDERED:**

(1) Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2) is **granted** insofar as a temporary stay of removal is entered and is otherwise **denied without prejudice**.

(2) Respondents are **enjoined** from removing Petitioner Virender Singh (A# 215-677-204) from the United States pending further order of this Court.

(3) Respondent McHenry is **dismissed without prejudice**.

(4) The Clerk of Court shall **email** a copy of this Order to the Immigration TRO

Distribution List.

(5)  The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, Wolf, and Lucero pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(6)  Respondents Barr, Wolf, and Lucero shall have **30 days** from the date of service to answer the Petition for Writ of Habeas Corpus (Doc. 1).  Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(7)  Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply.  Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer.

(8)  Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(9)  This matter is **referred** to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 20th day of April, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

TERMPSREF

- 6 -